ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Wednesday, September 23, 2020 4:05:48 PM
CASE NUMBER: 2020 CV 03680 Docket ID: 34920398
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

## IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
## CIVIL DIVISION

| | | |
|---|---|---|
| **LANDON WALTER, ADMINISTRATOR OF THE ESTATE OF DONNA WALTER, DECEASED** | : | CASE NO.: |
| 3508 Johnsville-Brookville Road | : | JUDGE: |
| Brookville, Ohio 45309 | : | |
| **Plaintiff,** | : | |
| vs. | : | **COMPLAINT FOR WRONGFUL DEATH; 42 U.S.C.A. §1983 CLAIM; WITH JURY DEMAND ENDORSED HEREIN** |
| **PERRY TOWNSHIP** | : | |
| c/o Chief of Police Tim Littleton | | |
| 3025 Johnsville-Brookville Road. | : | |
| Brookville, Ohio 45309 | | |
| | : | |
| **and** | | |
| | : | |
| **CHIEF OF POLICE TIM LITTLETON** | | |
| 3025 Johnsville-Brookville Road. | : | |
| Brookville, Ohio 45309 | | |
| | : | |
| **Defendants.** | | |

### JURISDICTION AND VENUE

1. This court has supplemental jurisdiction over Plaintiff's claims under 42 U.S.C.A. §1983 pursuant to 28 U.S.C.A. §1343 AND 28 U.S.C.A. §1331.

2. The acts and omissions giving rise to Plaintiff's claims occurred in Perry Township, Ohio, and therefore, the appropriate venue for this action is the Montgomery County, Ohio Common Pleas Court.

### IDENTIFICATION OF PARTIES

3. Plaintiff, Landon Walter, a resident of Brookville, Montgomery County, Ohio, Individually and as the Administrator of the Estate of Donna Walter, deceased, sues Perry Township

EXHIBIT A

and Tim Littleton for wrongful death for the benefit of the beneficiaries of the Estate of, Donna Walter.

4. Donna Walter was a resident of Brookville, Montgomery County. Ohio before she was murdered on February 12, 2020 and was the mother of Landon Walter and Taylor Walter.

5. Taylor Walter is the son of Donna Walter with a substantial criminal history in Montgomery County, with charges ranging from Trafficking in Drugs to Domestic Violence. He is currently under criminal investigation for the actions included in this complaint.

6. Defendant Perry Township is a municipal corporation duly organized and existing under the laws of the State of Ohio and owns, operates, manages, directs and controls the Perry Township Police Department, which employed Defendant, Police Chief Tim Littleton.

7. Defendant, Tim Littleton (hereinafter "Chief Littleton"), was at all relevant times employed as the Chief of Police for Perry Township, Montgomery County, Ohio and was acting as an agent of Defendant, Perry Township.

8. The Defendants are sued in both their individual and official capacities.

9. Plaintiff demands a jury trial.

## STATEMENT OF FACTS

10. On June 4, 2019, the Perry Township Police Department's employee, Officer Stephen Biscardi, was called to the residence of Donna Walter at 13359 Brookville Pyrmont Drive in Brookville, Ohio (hereinafter "The Residence") for a complaint of burglary.  Biscardi observed that Donna Walter's son, Taylor Walter, was under the influence of drugs or alcohol and Donna Walter informed Biscardi that Taylor Walter has threatened her with violence and that she was afraid Taylor would harm herself and/or himself. Biscardi took Taylor Walter to Miami Valley Hospital for his safety and observation.

11. On July 5, 2019, the Perry Township Police Department's employee, Officer Doug Hesler, Chief. T. Littleton, and Ofc. T. Waymire, were dispatched to The Residence for a domestic disturbance based upon Donna Walter's statements to the dispatcher that Taylor Walter was on drugs and threatening to harm her.  Further, she stated Taylor Walter was yelling and throwing objects around the kitchen while yelling at her.  The officers oversaw Taylor Walter removing his belongings from the property and leaving.

12. On July 27, 2019, the Perry Township Police Department's employee, Officer Stephen Nelson was dispatched to The Residence for an alleged drug overdose. Officer Nelson found that Taylor Walter had taken Methamphetamine for four days straight and an unknown substance combined with Fentanyl. Taylor Walter informed Officer Nelson that he had been violent with Miami Valley Hospital personnel previously and threatened that he would be violent towards the current medics there to transport him.

13. On August 13, 2019, the Perry Township Police Department's employees, Officer Jason Collins and Brian Douglas were dispatched to The Residence for a domestic disturbance. Donna Walter informed the police that Taylor Walter abused drugs and was currently using Methamphetamine. She informed the police that he was threatening her and broke down a door to get to her when she fled to another room. Donna Walter feared for her life and stated Taylor Walter was a threat to herself and himself. The officers arrested Taylor Walter for domestic violence.

14. On October 21, 2019, the Perry Township Police Department's employee, Officer Jason Collins, was dispatched to The Residence for a domestic dispute. Donna Walter informed the officer that Taylor Walter had taken her property, refusing to return it, and refusing to allow her entrance to her home. The officer observed Taylor Walter in an agitated state, and noted that he would have to enter into a physical altercation with Taylor Walter in order to obtain the return of the property.

15. On November 21, 2019, the Perry Township Police Department's employee, Officer Matthew Guillozet, was dispatched to The Residence for a domestic disturbance. Officer Guillozet was informed that Taylor Walter had assaulted Donna Walter. Further Donna Walter informed the officer that Taylor Walter often becomes violent, destroys Donna Walter's property and becomes physical. The officer observed Taylor Walter to be belligerent and agitated. The officer determined that Donna Walter was in danger of physical harm from Taylor Walter. The officer arrested Taylor Walter for domestic violence and transported him to the Montgomery County Jail.

16. On December 19, 2019, the Perry Township Police Department's employee, Officer Jason Collins, was dispatched to The Residence for a domestic disturbance. Donna Walter's brother, Stephen Hildebrand, informed the officer that Taylor Walter was going to hurt Donna Walter. The officer observed Taylor Walter yelling at Hildebrand and that he was agitated. Officer Collins told Donna Walter and Taylor Walter that if she had any concerns to call them and they would come back out and take Taylor Walter to jail.

17. On January 3, 2020, the Perry Township Police Department's employee, Officer Jason Collins, was dispatched to The Residence on report of a theft. While there he observed Taylor Walter was taking personal property of Donna Walter. The officer arrested Taylor Walter on an outstanding warrant for his arrest.

18. On January 27, 2020, the Perry Township Police Department's employee, Officer Adam Gutt, was dispatched to The Residence for a driving without consent complaint.  At the Residence, Donna Walter informed the officer that Taylor Walter had taken her vehicle without permission. Subsequently that day, Officer Gutt observed the vehicle and followed it as it returned to The Residence. When the officer observed Taylor Walter, he was turbulent, appeared under the influence, and was in possession of drug abuse instruments. The officer arrested Taylor Walter and took him to Montgomery County Jail.

19. On or about February 12, 2020, Donna Walter was at her home located at 3508 Johnsville-Brookville Road, Brookville, Ohio 45309.

20. On February 12, 2020, Taylor Walter was under indictment for a felony drug case and a warrant had been issued for his arrest from Clark County, Ohio for operating a vehicle while under the influence.

21. On February 12, 2020, Plaintiff, Donna Walter's son, Taylor Walter, demanded she give him the keys to her vehicle and money.

22.  After Donna Walter refused to give her keys to Taylor Walter, he pushed her up the stairs and threatened her, took the keys to her vehicle and drove away.

23. Shortly thereafter, Donna Walter left her home to go to the Perry Township Police Station to make an official report against her son Taylor Walter.

24. Chief Tim Littleton received Donna Walter's statement, at which time she expressed that she was scared to return to her home for fear of physical harm from her son, Taylor Walter and wanted him arrested.

25. Chief Littleton informed Donna Walter that a police officer would follower her back to her home to arrest Taylor Walter; however, when Donna Walter returned to her home, there was no police officer following her at which point she sat in her car for approximately one hour before  Chief Littleton arrived with an additional officer.

26. When Chief Littleton and his fellow police officer arrived at 3508 Johnsville-Brookville Road, Brookville, Ohio 45309, they entered the house and served Taylor Walter with a citation for driving without consent, which Taylor Walter subsequently signed.

27. Chief Littleton and his fellow police officer failed to arrest, detain, charge, or investigate Taylor Walter for assault or domestic violence against Donna Walter, and instead left the scene with both Taylor Walter and Donna Walter together at the Residence.

28. After the Perry Township officers' sudden departure, Donna Walter went inside of her home with the plan to grab some of her clothes and necessities and stay with her sister, as she was terrified to stay in proximity to her son, Taylor Walter, due to his earlier assault and threats of serious violence, and she feared for her life.

29. When Donna Walter did not arrive at her sister's house, her sister called a neighbor, who came to 3508 Johnsville-Brookville Road, Brookville, Ohio 45309 to check on Donna Walter, finding her stabbed in the neck and head, bleeding and dead.

30. Chief Littleton and the other police officers of Perry Township had more than reasonable cause to believe Taylor Walter had committed the offense of domestic violence and assault on February 12, 2020.

31. Donna Walter was a woman and a victim of domestic violence, as evidenced by numerous Perry Township investigations.

32. On February 12, 2020 and on multiple occasions over the course of the year prior, Donna Walter, as a family or household member of Taylor Walter, was a victim of domestic violence committed by Taylor Walter, who had caused physical harm to her, attempted to cause physical harm to her, and caused her to believe that Taylor Walter would cause imminent physical harm to her by his threats of force.

33. Chief Littleton and the other officers of Perry Township had a duty under O.R.C. 2935.03, O.R.C. 2935.032, O.R.C. 2921.44, O.R.C. 2921.45 and O.R.C. 3113.31 to arrest Taylor Walter for assault and pursuant to the pending warrant for his arrest; to prevent or halt Taylor Walter's commission of an assault and/or other act of criminal violence against Donna Walter; respond without undue delay to Donna Walter's report of an alleged incident of the offense of domestic violence; to separate Donna Walter, as the victim of the offense of domestic violence, from the alleged offender, Taylor Walter; to conduct separate interviews with the victim and the alleged offender in separate locations; and take a written statement from the victim that indicates the frequency and severity of any prior incidents of physical abuse of the victim by the alleged offender; the

number of times the victim has called peace officers for assistance and the disposition of those calls; to provide Donna Walter, as a victim of domestic violence with information or assistance in the domestic violence situations, including but not limited to arresting Taylor Walter, removing him from the location, and/or assisting the victim of the domestic violence, Donna Walter, with safely leaving the location.

34. O.R.C. 2935.03, O.R.C. 2935.032, O.R.C. 2921.44, O.R.C. 2921.45 and/or O.R.C. 3113.31 create a property interest which gives victims of domestic violence, like Donna Walter, a right to protection from domestic violence.

35. Chief Littleton and the other police officers of Perry Township placed Donna Walter in a worsened and increasingly dangerous position and limited her ability to self-help as they left her with Taylor Walter; who had threatened physical violence and assaulted her on multiple occasions, including on February 12, 2020, when she had relied upon their statements, conduct, and/or responsibilities to allow her to safely return to her home, arrest or remove Taylor Walter from the house, and/or at least safely retrieve some belongings and flee the location, and whose propensity for violence and anger was increased by the Perry Township's officers and Chief Littleton's conduct of giving Taylor Walter a citation for driving without consent based on Donna Walter's complaint.

36. Chief Littleton and the officers of the Perry Township police department had demonstrated a special relationship and an affirmative duty to act on behalf of Donna Walter through their previous statements and actions arresting Taylor Walter for domestic violence for similar acts of violence and threats when Donna Walter feared for her life as she did on February 12, 2020 and through their statements and representations on February 12, 2020 that they would follow her back to her house to ensure her safety and arrest Taylor Walter, by having knowledge of Taylor Walter's propensity for violence and threats of violence towards Donna Walter and Donna Walter's specific fears and concerns on February 12, 2020 of physical violence, and Donna Walter's relied on these statements and representations when she returned to her residence where Taylor Walter was located.

37. Chief Littleton and the officers of the Perry Township police department's conduct on February 12, 2020 placed Donna Walter at substantial risk of serious, immediate, and proximate harm by Taylor Walter.

38. On February 12, 2020, Chief Littleton and the officers of the Perry Township police department had actual and constructive knowledge that their actions as described above, including leaving Donna Walter at the same residence as Taylor Walter, who had threatened imminent physical harm against her, and had previously caused physical harm

to her, after aggravating and /or angering him by giving him a citation based upon Donna Walter's complaint, would obviously put her at risk for physical harm and/or death.

39. On February 12, 2020, Chief Littleton and the officers of the Perry Township police department's conduct in light of their knowledge and duties was conscious shocking.

40. On February 12, 2020, Chief Littleton and the officers of the Perry Township police department acted recklessly, wantonly, willfully, and in bad faith in performing their duties and in disregarding the risk of harm to Donna Walter.

41. The Perry Township police department has a formal and/or informal policy and/or custom of providing less protection to domestic violence victims than other victims of assault and/or menacing, through measures including but not limited to placing lower priority for a response on domestic violence calls than other violence calls, providing domestic violence victims with less assistance than other victims of violence, and less frequently arresting perpetrators of domestic violence than perpetrators of other acts of violence.

42. The Perry Township police department failed to train its police officers in the appropriate response to domestic violence and/or failed to supervise the officers by allowing them to apply the law in an unequal manner in their treatment of domestic violence crimes and treatment of other violent crimes contrary to any training they received.

43. The Perry Township police department's policy and/or custom towards victims of domestic violence disproportionately affects women, who comprised most of the victims of domestic violence.

44. The Perry Township police department's policy and/or custom towards victims of domestic violence is discriminatory against women and victims of domestic violence and/or had a disproportionate impact on women and is motivated by discriminatory intent.

## JURISDICTION

45. Plaintiff sues for state law claims and violations of civil rights under the provisions of the 14th Amendment to the Constitution of the United States of America (U.S. Const. Amends. XIV), and under the Civil Rights Act, Title 42 of the United States Code Annotated, Section 1983 (42 U.S.C.A. § 1983).

46. The acts and omissions giving rise to Plaintiff's claims occurred in Perry Township, Ohio.

## **FIRST CLAIM FOR RELIEF - WRONGFUL DEATH CLAIM DUE TO WANTON, RECKLESS AND/OR IN BAD FAITH CONDUCT OF CHIEF LITTLETON**

*All Defendants in their individual capacities, except Perry Township*

47. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs.

48. Chief Littleton owed a duty of reasonable care under the circumstances.

49. Chief Littleton owed duties pursuant to O.R.C. 2935.03, O.R.C. 2935.032, O.R.C 2921.44, O.R.C. 2921.45 and/or O.R.C. 3113.31.

50. Defendant Chief Littleton, owed Donna Walter a duty to exercise that level of care in the hiring, supervision, and regulation of Perry Township police department's personnel that would have prevented Donna Walter's death and damages as pled herein.

51. Defendant Chief Littleton negligently, intentionally, maliciously, recklessly, wantonly, and willfully breached his duties through his wrongful conduct and as a direct and proximate result, Donna Walter suffered death and damages.

52. Through the conduct alleged above, Defendant Chief Littleton intentionally, maliciously, recklessly, and/or willfully breached his duties, including but not limited to failing to arrest Taylor Walter for domestic violence, failing to promptly report to the premises where Taylor Walter was located, failing to follow Donna Walter home after telling her officers would follow her back to her residence where Taylor Walter was located, failing to ensure Donna Walter was able to get to a separate location from Taylor Walter, and failing to give Donna Walter information and/or assistance and as a direct and proximate result, Donna Walter was injured and killed.

53. Chief Littleton's failure to arrest or detain Taylor Walter, to obtain the removal of Taylor Walter from the premises or supervise Taylor Walter long enough for Donna Walter's to safely obtain personal belongings and leave the premises, given the facts and circumstances of his past criminal history of drug trafficking and possession, multiple domestic violence charges and having weapons under disability, was extremely reckless, wanton, willful and in bad faith in the administration of his duties.

54. Chief Littleton engaged in the conduct complained of on the date in question in the course and scope of his employment with Defendant Perry Township.

55. Chief Littleton has acted with deliberate indifference and reckless disregard by failing to properly insure that the abusive, inappropriate, illegal and otherwise criminal conduct of perpetrator, Taylor Walter, was properly investigated and disciplined.

56. The acts and omissions of Chief Littleton, as alleged herein, constitute gross, wanton, willful, and reckless wrongful conduct and actual malice in light of Chief Littleton's actual conscious indifference to the health, safety, legal rights, and welfare of Donna Walter.

57. Plaintiff, Donna Walter, is now deceased due to the injuries inflicted on her after Chief Littleton left her at her home with her violent son, Taylor Walter, despite this threats and her fear for her life.

58. Donna Walter is survived by statutory beneficiaries, including children, a father, and other next of kin, including but not limited to her son, Landon Walter.

59. As a direct and proximate result of the actions or interactions of Defendants, Plaintiff is now deceased.

60. As a direct and proximate result of Defendants' actions, Plaintiff sustained injuries and damages which resulted in her untimely death on February 12, 2020 as follows:

    a. Donna Walter, deceased, suffered severe and permanent injuries including stab wounds to the neck and head;

    b. Donna Walter, deceased, suffered great pain and suffering, both physical and emotional, and loss of ability to perform usual functions;

    c. Donna Walter, deceased, incurred medical expenses, including, but not limited to, funeral and burial expenses which would have otherwise not been incurred;

    d. Donna Walter, deceased, suffered a tragic and untimely death depriving her of the ability to live and enjoy a normal life;

    e. Donna Walter, deceased, loss of wages and earnings in an amount yet to be determined, as well as further loss of wages and earnings in the future; and

    f. Donna Walter, deceased incurred miscellaneous out of pocket expenses in an amount yet to be determined.

    g. Donna Walter's beneficiaries, Landon Walter, suffered damages for loss of her services over the time she was expected to live.

61. Donna Walter's beneficiaries suffered damages for loss of her society over her life expectancy, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training and education.

62. Donna Walter's beneficiaries suffered damages for the mental anguish caused by her death.

63. Donna Walter's beneficiaries incurred funeral and burial expenses.

64. As a result of the actual malice and conscious indifference of Defendants, Plaintiff is entitled to recover, and hereby requests, punitive damages in an amount appropriate to punish and deter Defendants from similar acts of misconduct in the future.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. 1983; AMENDMENT 14, U.S. CONSTITUTION

*All Defendants individually and officially*

65. Plaintiff realleges and incorporates by reference each of the allegations contained in the preceding paragraphs.

66. Defendants, acting under color of state law and in the course of their employment, deprived and/or denied Donna Walter's federal constitutionally and statutorily protected rights.

67. The actions and/or interactions of the Defendants, and each of them, deprived Donna Walter of the rights, privileges, and immunities secured to her by the Constitution of the United States of America, including the right of Donna Walter to not be deprived of life, liberty, or property without both substantive and procedural due process of law, and the right to equal protection of the laws, secured by the 14th Amendment to the Constitution of the United States (U.S. Const. Amend. XIV).

68. As a direct and proximate result of Defendants' actions, Plaintiff has suffered economic and non-economic damages and Defendants are liable to Plaintiff for same.

69. As alleged in the previous paragraphs, Chief Littleton and the Perry Township police department denied Donna Walter of her right of substantive due process.

70. Chief Littleton and the Perry Township police department had a duty to protect Donna Walter stemming from a special relationship with Donna Walter as they affirmatively placed her in a dangerous situation by sending her back to her house where her domestic violence perpetrator was located with assurances that police officers would be following her there and arrest Taylor Walter, failing to promptly follow her to her house, and then only giving Taylor Walter a citation for driving her vehicle without consent and leaving Donna Walter in a vulnerable location with an angry Taylor Walter, who had already assaulted her and threatened to assault her.

71. Chief Littleton and the Perry Township police department had a special relationship with Donna Walter because Chief Littleton and officers of the Perry Township police department (1) had made promises or taken actions to assume a duty to aid Donna Walter when her son assaulted her or threatened to assault her, (2) knew that Taylor Walter had a history of violent behavior towards Donna Walter and that he had assaulted her and threatened to assault her on February 12, 2020, (3) had met with Donna Walter on February 12, 2020, heard her complaints that Taylor Walter had assaulted her and threatened to assault her, and directed her to return to her home where Taylor Walter was located and they would follow her there, and (4) caused Donna Walter to justifiably rely upon their promises or actions and return to the location where Taylor Walter was located.

72. Chief Littleton and the Perry Township police department created and/or increased the danger and/or Donna Walter's vulnerability to the danger through several actions; including but not limited to refusing to arrest Taylor Walter or remove him from the location; directing Donna Walter to return to the location where the perpetrator of the acts of domestic violence was located, informing Donna Walter that they would immediately follow her to the location where Taylor Walter was located and then failing to do so; refusing and/or failing to comply with statutory requirements to separate the perpetrator and the victim of the domestic violence, Donna Walter; leaving Donna Walter in the same location as Taylor Walter after he threated to harm her and she had informed the police she feared for her life; and these actions directly and proximately caused the injuries and death of Donna Walter.

73. Donna Walter was part of a limited and definable group because she was a person living in the same household as Taylor Walter, who had been threatened.

74. Defendants Chief Littleton and the Perry Township officers' conduct as set forth above placed Donna Walter at risk of serious, immediate and proximate harm from violence perpetrated by Taylor Walter.

75. Despite their knowledge of Taylor Walter's prior conduct, his current threats of violence, recent act of violence, and Donna Walter's fear for her life, Defendants Chief Littleton and the Perry Township officers recklessly, willfully, and wantonly consciously disregarded the obvious and known risk of Taylor Walter assaulting and injuring Donna Walter.

76. Defendants Chief Littleton and the Perry Township officers' conduct when viewed in total was conscious shocking.

77. As alleged in the previous paragraphs, Chief Littleton and the Perry Township police officers, have a formal and/or informal policy and/or custom of providing less protection to female domestic violence victims than other victims of assault and/or menacing, through measures including but not limited to placing lower priority for a response on domestic violence calls than other violence calls, providing domestic violence victims with less assistance than other victims of violence, and less frequently arresting perpetrators of domestic violence than perpetrators of other acts of violence.

78. The Perry Township failed to train its police officers in the appropriate response to domestic violence and/or failed to supervise the officers by allowing them to apply the law in an unequal manner in their treatment of domestic violence crimes and treatment of other violent crimes contrary to any training they received.

79. The Perry Township police department's policy and/or custom towards victims of domestic violence disproportionately adversely affects women, who are the majority of the victims of domestic violence, and is discriminatory against women and victims of domestic violence and/or had a disproportionate adverse impact on women and is motivated by discriminatory intent.

80. The Perry Township police department's policy and/or custom towards victims of domestic violence is not rationally related to a legitimate governmental interest.

81. As a direct and proximate result of Defendants' discriminatory policies and/or customs, Donna Walter was injured and killed by Taylor Walter and Plaintiff has suffered economic and non-economic damages.

82. The State of Ohio, through the revised code sections, O.R.C. 2935.03, O.R.C. 2935.032, O.R.C. 2921.44, O.R.C. 2921.45 and/or O.R.C. 3113.31, has created an enforceable statutory right to protection from domestic violence.

83. Chief Littleton and the Perry Township police department with deliberate indifference or willful, wanton, or reckless conduct deprived Donna Walter of her property interest in police protection or enforcement created under the Ohio Revised Code without due process.

84. As a direct and proximate result of Defendants' actions, Donna Walter sustained injuries and damages which resulted in her untimely death on February 12, 2020 as set forth herein.

85. As a direct and proximate result of Defendants' actions, Donna Walter's beneficiaries suffered economic and non-economic damages and expenses as set forth herein.

86. As a result of the actual malice and conscious indifference of Defendants, Plaintiff is entitled to recover, and hereby requests, punitive damages in an amount appropriate to punish and deter Defendants from similar acts of misconduct in the future.

**WHEREFORE**, Plaintiff, Landon Walter, Administrator of the Estate of Donna Walter, Deceased, requests the following relief against Defendants, Perry Township and Chief Tim Littleton:

a) Compensatory damages, in excess of $25,000.00;
b) Punitive damages;
c) Statutory damages;
d) Reasonable attorney fees and costs;
e) Interest; and
f) Such other and further relief as appears reasonable and just.

                                       Respectfully submitted,

                                       /s/ Kenneth J. Ignozzi
                                       Kenneth J. Ignozzi (0055431)
                                       Attorney for Plaintiff
                                       Dyer, Garofalo, Mann, & Schultz
                                       131 N. Ludlow Street, Suite 1400
                                       Dayton, OH 45402
                                       Tel:  (937) 223-8888; Fax:  (937) 824-8630
                                       Email: kignozzi@dgmslaw.com

## **JURY DEMAND**

Now comes Plaintiff, by and through counsel, and hereby demands a trial by jury on all issues of this matter.

/s/ Kenneth J. Ignozzi
Kenneth J. Ignozzi (0055431)
Attorney for Plaintiff
131 N. Ludlow St., Suite 1400
Dayton, OH 45402
937-223-8888
937-824-8630 Fax
kignozzi@dgmslaw.com